IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-23026-CIV-SEITZ/SIMONTON

**CESAR HERMOZA,**

        Plaintiff,

vs.

**AROMA RESTAURANT, LLC,** a Florida
Limited Liability Company and
**MARK ENGELHARD,** individually,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [DE-13], in which Defendants seek to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's First Amended Complaint alleges a violation of the Fair Labor Standards Act (FLSA) and a violation of the Florida Minimum Wage Act. Both claims are based on Defendants' failure to pay Plaintiff minimum wage. Defendants seek to dismiss the Amended Complaint because Plaintiff was a tipped employee and was paid above the minimum wage for tipped employees. Because the burden is on Defendant to establish that an employee is a tipped employee, the Motion is denied.

**I.     Facts Alleged in the Amended Complaint**

Plaintiff alleges that he was employed by Defendant Aroma Restaurant, LLC (Aroma) from April 22, 2008 through April 22, 2011. Aroma employed Plaintiff as an "at-will," non-exempt server. While employed by Aroma, Plaintiff did not have a clear understanding as to how he was to be compensated for his work. During the time he was employed, he was paid

$3.50 an hour and as such did not receive the required minimum wage under the FLSA or the Florida Minimum Wage Act.

## II.   Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff.  *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555.  However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

Defendants argue that the Amended Complaint should be dismissed because Plaintiff was a tipped employee who was paid the required minimum wage for tipped employees and, thus, cannot state a cause of action under the FLSA. Section 203(m) of the FLSA sets out the manner in which an employer may compensate a tipped employee. 29 U.S.C. § 203(m). However, the employer may only utilize this manner of compensation calculation if "such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). Plaintiff's Amended Complaint alleges that he "did not have a clear understanding as to how he was to be compensated with respect to his work." DE-7 at ¶13. Because the burden is on the employer to establish that he is entitled to the tip credit, *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979),[1] Plaintiff has stated a cause of action. Taking the allegations in the Amended Complaint as true, the Plaintiff has sufficiently pled that Defendants did not inform Plaintiff of the provisions of the FLSA regarding compensation for tipped employees and that Plaintiff was not paid minimum wage for the hours he worked. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss [DE-13] is DENIED. Defendants shall file an Answer to the Amended Complaint by **February 10, 2012.**

DONE and ORDERED in Miami, Florida, this 30 day of January, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT JUDGE

cc:   All counsel of record

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.